**Signed: August 04, 2010**

_____

**EDWARD D. JELLEN**
**U.S. Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                              No. 10-44673
                                                   Chapter 7
EVELYN RAZZANO,

                          Debtor./
_____

MEMORANDUM

Paul Mansdorf, trustee in bankruptcy in the above-captioned case, has objected to the above-named debtor's claim of exemption for a Roth IRA in the sum of $5,000. The court will sustain the objection.

The court has concluded that the debtor's Roth IRA is not exempt under California Civ. Pro. Code § 704.115(a)(3), (b), or (e) (certain private retirement plans and accounts). In the first place, the Roth IRA is not a retirement plan. See, e.g., In re Lieberman, 245 F.3d 1090, 1093 (9th Cir. 2001)(finding that Cal. Civ. Pro. Code § 704.115(a)(1) was "intended to exempt retirement plans established or maintained by private employers or employee

Memorandum

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1  organizations, not arrangements by individuals to use specified

2  assets for retirement purposes."); In re Simpson, 366 B.R. 64, 74-5

3  (9th Cir. BAP 2007).

4      Indeed, the debtor does not dispute that she, rather than any

5  employer or employee organization, created the Roth IRA, and that

6  she created it on March 1, 2010, only six weeks before the April 23,

7  2010 filing of her chapter 7 petition.

8      Nor has the debtor established that the Roth IRA is exempt as

9  social security funds pursuant to 42 U.S.C. § 407.  The debtor's

10  only sources of income for the five years prior to the filing of the

11  petition were monthly social security payments in the sum of $1,253

12  and monthly contributions from her daughter in the sum of $200.

13  According to the debtor's Schedules I (Income) and J (Expenses), the

14  debtor's monthly expenses were more than $700 in excess of the total

15  of these payments.  It is therefore difficult for the court to see

16  how the debtor could have accumulated sufficient social security

17  funds with which to fund the Roth IRA.  Her papers opposing the

18  trustee's objection provide no explanation as to how she might have

19  done this, and the debtor concedes that she has no documentary

20  evidence to support her claim.

21      Moreover, the debtor has failed to explain why, to obtain an

22  exemption, she needed to fund the Roth IRA with social security

23  payments, when such payments would have been exempt without the Roth

24  IRA.

25      Nor does the Roth IRA qualify as an exempt retirement account

26  under Bankruptcy Code § 522(b)(3)(c) (certain retirement funds).  On

Memorandum                                2

1  the basis of IRS Publication 590, the trustee argues, persuasively,

2  that a taxpayer can contribute to a Roth IRA only if the taxpayer

3  has "taxable compensation," as defined therein, with which to fund

4  the Roth IRA.  "Taxable compensation" does not include social

5  security payments or contributions by a relative, and debtor admits

6  that she had no "taxable compensation" as defined in IRS Publication

7  590.

8       The debtor argues that a Roth IRA need not be funded with

9  "taxable compensation," citing the fact that under IRS Publication

10 590, the annual contribution limit for a Roth IRA is $6,000 if a

11 taxpayer, such as the debtor, is age 50 or older.

12      The debtor's argument confuses two different concepts.  The

13 maximum contribution to a Roth IRA is an issue separate and apart

14 from the issue of a taxpayer's eligibility to contribute to a Roth

15 IRA.  Thus, the maximum amount the debtor could have contributed, if

16 the debtor had had taxable compensation, is irrelevant.

17      The debtor argues that the 2010 tax year is not over, and that

18 she may still earn some taxable compensation for "life coaching" her

19 daughter "by providing perspective and general advice."  The court

20 rejects this highly contrived argument because, among other reasons,

21 the exemption status of the Roth IRA funds must be determined as of

22 the date of the debtor's bankruptcy petition.  In re Kim, 257 B.R.

23 680, 685 (9th Cir. B.A.P. 2000), aff'd, 35 Fed.Appx. 592 (9th Cir.

24 2002).

25      For the foregoing reasons, the court will issue its order

26 sustaining the trustee's objection to the debtor's claim of

Memorandum                              3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1    exemption as to the Roth IRA.

2                              ** END OF MEMORANDUM **

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Memorandum                                    4

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1

2                          <u>COURT SERVICE LIST</u>

3

4   Michael J. Primus
    Law Offices of Michael J. Primus
5   500 Alfred Nobel Dr. #135
    Hercules, CA 94547
6
    Jeremy W. Katz
7   Pinnacle Law Group
    425 California St. #1800
8   San Francisco, CA 94104

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

    Memorandum                              5